IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH D. ETHERIDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-904-M |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

# REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ____). The parties have briefed their positions, and the matter is now at issue. It is recommended that the Commissioner's decision be **AFFIRMED**.

### I. Procedural Background

Plaintiff's applications for benefits were denied initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 16-28). The Appeals Council denied Plaintiff's request for review. (TR. 1-4). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 416.920. The ALJ first determined that Plaintiff had not engaged in substantial gainful activity since November 1, 2008, the alleged disability onset date, as amended. (TR. 18). At step two, the ALJ determined that Plaintiff has severe impairments as follows:

> Arthritis; status post bilateral foot metatarsal fractures; status post multiple foot surgeries; hypertension; asthma; gastroesophageal reflux disease; history of renal stones; and disorders of the cervical spine, discogenic and degenerative, status post April 2009 cervical fusion surgery, C5-7; and reduced bilateral visual acuity.

(TR. 19). At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 22).

At step four, the ALJ found that Plaintiff was unable to perform his past relevant work, but retained the residual functional capacity (RFC) to perform less than the full range of sedentary work, subject to specific limitations, including that he "should not be required to work with objects smaller than 2 centimeters…" (TR. 23).

At step five of the sequential evaluation process the ALJ, using the Medical-Vocational Rules as a framework and considering the testimony of a vocational expert (VE), determined that jobs existed in significant numbers in the national economy which Plaintiff could perform, namely that of optical goods assembler; lens inserter; and cutter and paster. (TR. 27-28). Accordingly, Plaintiff was found to be not disabled from

November 1, 2008, the alleged onset date, through May 22, 2012, the date of the decision (TR. 28).

### III.  Issues Presented

Plaintiff urges on appeal that the ALJ erred at step five in that he obtained incompetent evidence from the VE to support his step five finding; and that the ALJ erred in his credibility analysis.

### IV.  Standard of Review

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

### V.  Analysis

#### A.  The ALJ's Step Five Finding

Plaintiff's argues that the testimony of the VE conflicts with the *Dictionary of Occupational Titles* (4th ed. 1991)(DOT) as to the identified jobs of optical goods assembler, lens inserter, and cutter and paster. (ECF No. 15:2-3). Before an ALJ may rely on expert vocational evidence as substantial evidence to support a determination of nondisability, the ALJ must ask the expert how his or her testimony as to the requirements of identified jobs corresponds with the DOT, and elicit a reasonable explanation for any discrepancy on this point. *Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999).  An ALJ is required to use information provided by the DOT to assess occupational skill

requirements, but it is evident that the DOT's "information about skills must be massaged, if you will, into the agency's classifications." 20 C.F.R. 404.1568; *Haddock* at 1089. Here, the VE explained that the identified jobs as described in the DOT required no more than frequent near visual acuity, and that Plaintiff could perform those jobs (TR. 68-69). Thus, there was no conflict between the DOT and the VE's testimony which would require further explanation. The ALJ properly determined that the VE's testimony was consistent with the information contained in the DOT (TR. 28).

Plaintiff argues that the job of optical goods assembler is eliminated because it requires Plaintiff to work with objects smaller than two centimeters; and the job of cutter and paster should be eliminated because it requires Plaintiff to read (ECF No. 15:5). Even assuming that these two jobs are eliminated, the job of lens inserter would remain. (ECF No. 15:6, TR. 67-69). The job of lens inserter exists in significant numbers so as to satisfy the Commissioner's burden at step five (100,000 jobs nationally and 1,000 in Oklahoma). (TR. 67). The Tenth Circuit Court of Appeals has held that 650-900 available jobs constitute a significant number. *See Trimiar v. Sullivan*, 966 F.2d 1326, 1330-1332 (10th Cir. 1992).

Thus, it appears that the Commissioner met her burden at step five; and that the ALJ's conclusions are supported by substantial evidence.

### B. The ALJ's Credibility Analysis

Plaintiff also challenges the ALJ's credibility analysis. (ECF No. 15:10-15). "Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence."

*Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). In *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987), the Tenth Circuit set forth the framework for the proper analysis of a claimant's pain. First, the objective medical evidence must demonstrate a pain-producing impairment. Second, a "loose nexus" must exist between the proven impairment and the claimant's subjective allegations of pain. If these two conditions are satisfied, the ALJ must then determine whether, considering all the evidence both objective and subjective, the claimant's pain is in fact disabling. *Id.* at 163-164. "Objective evidence" is any evidence that can be discovered and substantiated by external testing. *Id.* at 162. "Subjective evidence" consists of statements of the claimant that can be evaluated only on the basis of credibility. *Id.* at 162, n. 2. To determine the credibility of pain testimony, the ALJ should consider such factors as:

> The levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Branum v. Barnhart*, 385 F.3d 1268, 1273-1274 (10th Cir. 2004) (*quoting Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991) (quotation omitted)).

A court may review an ALJ's credibility findings to ensure that the ALJ's factual findings underlying the credibility determination are "closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (quotation omitted).

In this case, the ALJ found that the medical evidence supported a finding that Plaintiff's underlying impairments could reasonably be expected to produce pain or other symptoms. (TR. 25). The ALJ then evaluated the "the intensity, persistence and limiting effects of Plaintiff's symptoms to determine "the extent to which they limit his ability to do basic work activities (TR. 25).

The ALJ thoroughly discussed the medical evidence, the Plaintiff's testimony, and Plaintiff's activities of daily living (TR. 24-26). The ALJ found that Plaintiff's allegations of total inability to engage in substantial gainful activity are not totally credible (TR. 25). In particular the ALJ reasoned that in March 2009, Plaintiff was released for medium duty work and was discharged from medical care; that Plaintiff reported he was independent in activities of daily living on August 22, 2011; and that despite reporting eye problems at the hearing, Plaintiff wrote that he read daily, very well, and that he could lift 20 to 25 pounds and could walk 45 to 60 minutes, as well as mow the grass with a riding mower (TR. 26). Because the ALJ's credibility analysis is supported by substantial evidence in the record as a whole, the decision of the ALJ on this point should be affirmed.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **AFFFIRMED**.

**NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **February 13, 2015**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on January 30, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE