IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH D. ETHERIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-904-M |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On January 30, 2015, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation in this action in which plaintiff seeks judicial review of the final decision of defendant Acting Commissioner of Social Security Administration ("Acting Commissioner"), denying plaintiff's applications for benefits under the Social Security Act. The Magistrate Judge recommended the Commissioner's decision in this matter be affirmed. The parties were advised of their right to object to the Report and Recommendation by February 13, 2015. On February 12, 2015, plaintiff filed his objection.

In his objection, plaintiff contends that the Magistrate Judge did not adequately consider his argument that the Administrative Law Judge ("ALJ") relied on incompetent vocational evidence to support his denial of benefits at step five of the sequential analysis. Specifically, plaintiff asserts that the Magistrate Judge never addressed his argument that the vocational expert's ("VE") failure to recognize that his testimony conflicted with the Dictionary of Occupational Titles calls into question the competency and credibility of the VE's entire testimony and that the Magistrate Judge failed to address his argument that his visual limitations identified by the ALJ as a practical matter would preclude all of the jobs including lens inserter because that job requires frequent near acuity.

Plaintiff further contends the Magistrate Judge did not adequately consider his argument that the ALJ erred by failing to make a proper credibility assessment.

Having carefully reviewed this matter de novo, the Court finds that while it appears the VE may have erred in relation to the job of optical goods assembler and the job of cutter and paster, that error would not have so affected his competency and credibility as to his testimony regarding the job of lens inserter to alter the ALJ's determination to deny benefits at step five. Further, the Court finds that based upon the ALJ's specific residual functional capacity determination that plaintiff should not be required to work with objects smaller than 2 centimeters, a more specific requirement than that of frequent near acuity, and one supported by the record, would not preclude the job of lens inserter. Finally, the Court finds that the ALJ made a proper credibility assessment, specifically relying on evidence that in March 2009, plaintiff was released for medium duty work and was discharged from medical care, that plaintiff reported that he was independent in activities of daily living on August 22, 2011, and that despite reporting eye problems at the hearing, plaintiff wrote that he read daily, very well, and that he could lift 20 to 25 pounds and could walk 45 to 60 minutes, as well as mow the grass with a riding mower.

Accordingly, the Court:

(1) ADOPTS the Report and Recommendation [docket no. 17] issued by the Magistrate Judge on January 30, 2015, and

(2) AFFIRMS the decision of the Acting Commissioner.

**IT IS SO ORDERED this 31st day of March, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE